**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **HAZARI LLC., dba STAY EXPRESS INN & SUITES,** | § § § | |
| **Plaintiff,** | § § | |
| **v.** | § § | **CIVIL ACTION NO.**  4:19-cv-4071 |
| **EVEREST INDEMNITY INSURANCE COMPANY and CHRISTOPHER HARTMAN,** | § § § § | |
| **Defendants.** | § § | |

**DEFENDANT EVEREST INDEMNITY INSURANCE COMPANY'S**
**NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to 28 U.S.C. §§1441 and 1446, Defendant Everest Indemnity Insurance Company ("Everest") files this Notice of Removal on the basis of diversity of citizenship and jurisdictional amount, and respectfully shows the Court the following:

## I.    BACKGROUND

1.      This is an insurance claim based on alleged property damage to a property located at 9902 Gulf Freeway, Houston, Texas 77034 ("the Property").

2.      Plaintiff filed the Original Petition in the matter styled *Hazari LLC., dba Stay Express Inn & Suites.,* Cause No. 2019-65250; In the 165th Judicial District Court, Harris County, Texas ("State Action"), in which Plaintiff asserts claims for breach of contract and violations of the Texas Insurance Code.  Plaintiff served Everest with its Original Petition on or about September

24, 2019. Accordingly, Everest files this timely Notice of Removal within thirty (30) days of receiving service of process and citation. 28 U.S.C. § 1446(b).

## II.     BASIS FOR REMOVAL

### A.     There is Complete Diversity

3.     Removal is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332(a), 1441(a) and 1446.

4.     For purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by looking to the citizenship of all of its members. *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019).

5.     Plaintiff Hazari LLC, dba Stay Express Inn & Suites is a Texas limited liability company.  Upon information and belief, Anup Patel, Jay Hazari, Kirit Patel, Neeshan Sheladia, and Vipul Patel, individuals, are members of Hazari, LLC. All members live in Houston, Texas. As such, Hazari, LLC is a citizen of Texas.

6.     Both at the time the lawsuit was originally filed, and at the time of removal, Defendant Everest is a corporation incorporated and existing under the laws of Delaware, with its principal place of business in New Jersey.

7.     Defendant Christopher Hartman is a citizen of the State of Texas; however, Everest contends that Hartman has been improperly joined and must be dismissed from the case. Therefore, his Texas citizenship should be disregarded for the purposes of evaluating diversity in this matter.

### B.     The Amount in Controversy Exceeds the Jurisdictional Requirements for Diversity Jurisdiction

8.     The amount in controversy requirement for diversity jurisdiction under 28 U.S.C. § 1332(a) is clearly satisfied in this case as evidenced by Plaintiff's Original Petition, in which

Plaintiff expressly allege that it seek monetary relief over $200,000,000. Plaintiff's Original Petition at p. 2. This amount clearly exceeds the requirement for subject matter jurisdiction, and demonstrates that the amount in controversy requirement is satisfied.

## C.   Improper Joinder Standards

9.      This Court should find that Hartman was improperly joined solely to defeat diversity.  A party may establish improper joinder by showing (1) actual fraud in the pleading of jurisdictional facts, or (2) the plaintiff's inability to establish a state-law claim against the non-diverse defendant.  *Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016); *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (en banc).  To determine "whether the complaint states a claim under state law against the in-state defendant," courts "may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint." *Smallwood*, 385 F.3d at 573.

10.     The Fifth Circuit has recently clarified that for the improper joinder analysis, pleadings must satisfy the federal pleading standard: not Texas's fair notice pleading standard. *Int'l Energy Ventures Mgmt.*, 818 F.3d at 200 ("It is well-established, of course that Rule 12(b)(6) analysis necessarily incorporates the *federal* pleading standard'") (emphasis original) (internal citations omitted).  This means that many allegations under the Texas Insurance Code must meet the heightened pleading requirements of Rule 9(b).  *See, e.g., Columbia Mut. Ins. Co. v. Trewitt-Reed Funeral Home, Inc*., No. 4:15-CV-568-A, 2016 WL 524597, at *2 (N.D. Tex. Feb. 5, 2016).  When these principles are applied, it is evident that Hartman was joined solely to defeat diversity jurisdiction.

**D.      Hartman Was Improperly Joined**

**1)      Plaintiff Fails to State an Actionable Claim**

11.     A close review of Plaintiff's Original Petition shows that Plaintiff's real complaint against Hartman has nothing to do with his actions and everything Everest's denial of the claim.

12.     Likewise, Plaintiff also asserts that Hartman conducted an outcome-oriented investigation and failed to pay Plaintiff's claim, but Hartman could not be individually liable for those payments under the policy because he was not party to the insurance contract.  Taken together, these allegations show that Plaintiff has failed to state a viable claim against Hartman in his individual capacities because it offers no specific facts that are distinct from those it asserts against Everest.  *Aguilar v. State Farm Lloyds*, No. 4:15-CV-565-A, 2015 WL 5714654, at *3 (N.D. Tex. Sept. 28, 2015) ("[E]ven though an adjuster is a "person" under the Insurance Code, an adjuster cannot be held liable for a violation of the Code unless he causes an injury distinguishable from the insured's actions.").  *See also Keen v. Wausau Business Ins. Co.*, 875 F.Supp.2d 682 (S.D.Tex. 2012) (Harmon, J.) ("[W]hen the claims against the adjuster are identical to those against the insurer, the adjuster's actions 'are indistinguishable from [the insurer's] actions' and hence are insufficient to support a claim against the adjuster.").  Texas law is also clear that to be liable for alleged Insurance Code violations, the adjuster, individually, must have committed the violation that caused the harm.  *Frisby v. Lumberman's Mut. Cas. Co.*, 500 F.Supp.2d 697 (S.D.Tex. 2007).

**E.      Plaintiff Does Not State a Viable Cause of Action Under Insurance Code §541.060**

13.     As established above, Plaintiff's factual allegations do not support a claim against Hartman.  Those facts also fail as a matter of law because Texas federal courts that have

addressed §541.060 unfair settlement practices allegations against an adjuster have found that these sections **only applies to insurers**, not adjusters. *Ministerio Int'l Lirios Del Valle v. State Farm Lloyds*, 3:16-CV-1212-D, 2016 WL 5791550, at *3 (N.D. Tex. Oct. 4, 2016)(J. Fitzwater); *see*, *Meritt Buffalo Events Ctr., LLC v. Cent. Mut. Ins. Co.*, 3:15–CV–3741–D, 2016 WL 931217, at *4 (N.D.Tex. Mar. 11, 2016) ("Massey and Cagle are both adjusters, and "[a]n adjuster 'cannot be held liable under this section because, as an adjuster, he does not have settlement authority on behalf of the insurer.'") *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F.Supp.3d 721, 724 (N.D. Tex. 2014); *Slabaugh v. Allstate Ins. Co.*, No. 4:15-cv-115, 2015 WL 4046250, at *10 (E.D. Tex. June 30, 2015). Therefore, Plaintiff's claims under Insurance Code §541.060 fails as a matter of law.

### 1)   Failure to Effect Prompt Settlement.

14.    Plaintiff's allegations against Hartman for failing to attempt in good faith to make a prompt, fair, and equitable settlement of a claim with respect to which his liability has become reasonably clear also fails as a matter of law.  Tex. Ins. Code § 541.060(a)(2).  Texas federal courts have held that "an adjuster cannot be held liable under this section because, as an adjuster, he does not have settlement authority on behalf of the insurer." *Meritt Buffalo Events*, 2016 WL 931217, at *4 (quotation marks and citations removed).  Moreover, Hartman did not have settlement authority, nor does Plaintiff allege Hartman had settlement authority on behalf of Everest in its Original Petition. Consequently, Plaintiff has failed to state a plausible claim under § 541.060(a)(2) against Hartman.

### 2)   Failure to Explain Denial of Claim

15.    Plaintiff also alleges Hartman is liable for "failing to promptly provide a reasonable explanation of the basis in law or fact for the denial of Plaintiff's claims."  But those

allegations do not state a plausible claim for relief, "because an adjuster has no obligation to provide a policyholder a reasonable explanation of the basis in the policy for the insurer's denial of a claim, or offer of a compromise settlement of a claim," so an adjuster cannot be held liable for violating § 541.060(a)(3). *Bianca Tabarestani v. United Prop. and Cas. Ins. Co., Eric David Savener, and Valerie Riley*, No. H-16-712, (S.D. Tex. June 29, 2016) (Werlein, J.); *Mainali Corp. v. Covington Specialty Ins. Co.*, No. 3:15-CV-1087 D, 2015 WL 5098047, at *4 (N.D. Tex. Aug. 31, 2015) (Fitzwater, J.). Further, the factual allegations in Plaintiff's Original Petition pleaded that Everest, not Hartman, was obligated to provide an explanation for the basis of Hartman's coverage decision. (Pl.'s Orig. Pet. at p. 12).

**F.    Plaintiff's Chapter 542.003 allegations do not apply to Hartman as a matter of law.**

16.    Similarly, Section 542.003(b)(5) prohibits "an insurer engaging in business in this state" from "compelling a policyholder to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by the policyholder." Tex. Ins. Code Ann. § 542.003.  While Chapter 541 of the Texas Insurance Code permits causes of action against "persons," Chapter 542 is exclusively limited to insurers.  *See* Tex. Ins. Code 542.003(a) ("An *insurer* engaged in business in this state may not engage in an unfair claim settlement practice.") (emphasis added); Tex. Ins. Code 542.003(b)  ("Any of the following acts by an insurer constitutes unfair claim settlement practices..."); *Richardson E. Baptist Church v. Philadelphia Indem. Ins. Co.*, 05–14–01491–CV, 2016 WL 1242480, at *10 (Tex.App.—Dallas Mar. 30, 2016, no. pet. h.) ("Greenhaw's motion for summary judgment asserted he did not violate section 542.003 because that section regulates the actions of insurers only and not adjusters.  We agree.... We conclude Greenhaw established as a matter of law that he did not violate chapter 542."). Federal courts have also held the same. *See, e.g., Lopez*, 197 F.

Supp. 3d at 951; *Mainali Corp.*, 2015 WL 5098047, at *6 ("Chapter 542 only applies to specifically listed 'insurers,' and Summers, an adjuster, is not an insurer."). Hartman is an adjuster and not an insurer. Additionally, Chapter 542 concerns claims for contractual interest. Plaintiff does not have a contract with Hartman.  Accordingly, Plaintiff's Chapter 542 violations against Hartman fail as a matter of law.

**G.  Plaintiff's Claims Against Hartman are Barred by the *Bona Fide* Dispute Rule.**

17.  Additionally, there is no reasonable basis on which this Court may predict a possibility of recovery against Hartman, individually.  Texas law is clear that a *bona fide* dispute on coverage or amount of loss does not rise to the level of "bad faith." *Robinson v. State Farm Fire & Cas. Co.*, 13 F.3d 160, 162 (5th Cir. 1994).  If an insurer, such as Everest, has a *reasonable* basis for denying or delaying a claim, it cannot be held liable for "bad faith" even where the insurer's decision is ultimately held to be erroneous.  *Lyons v. Millers Cas. Ins. Co.*, 866 S.W.2d 597, 600 (Tex. 1993); *Minnesota Life Ins. Co. v. Vasquez*, 192 S.W.3d 774, 774 (Tex. 2006); *Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 17 (Tex. 1994) (bad faith is not established where insured claims insurer was incorrect about the factual basis for its denial of the claim); *State Farm Fire & Cas. Co. v. Simmons*, 963 S.W.2d 42, 44 (Tex. 1998) (insured must establish that liability was reasonably clear).  If an insurer cannot be held liable for bad faith for a *bona fide* coverage dispute, surely a managing general agent for the insurer, who had no contact with the Insured or involvement in the insurer's claim determination cannot be held liable either.  The dispute between Plaintiff and Everest is a *bona fide* dispute as to Everest's contractual obligations.  Whether or not Everest owes Plaintiff any amount on their claim is the only dispute properly before this Court, not one against an insurance adjuster who simply did his job. *State Farm Fire & Cas. Co. v. Simmons*, 963 S.W.2d 42, 44 (Tex.1998).

### III.   REMOVAL IS PROCEDURALLY CORRECT

18.     Attached hereto as Exhibit "A" is the Index of Matter Being Filed.  A copy of the Harris County Clerk's Docket Sheet and file for this case is attached as Exhibit "B", which includes true and correct copies of executed process, pleadings, and orders. Attached hereto as Exhibit "C" is Everest Indemnity Insurance Company's Designation of Counsel.

19.     This is a civil action in which the amount in controversy exceeds the jurisdictional limits of $75,000.00. In determining the amount in controversy, the Court may consider, "penalties, statutory damages, and punitive damages." *St Paul Reinsurance Co, Ltd v Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v State Farm Lloyds*, 1999 WL 151667, at *2 - 3 (N.D. Tex. 1999) (finding sufficient amount in controversy in plaintiff's case against the insurer for breach of contract, bad faith, and violations of the Texas Insurance.  Plaintiff allege that Everest is liable under violations of §542 of the Texas Insurance Code and seeks to recover actual damages, consequential damages, prejudgment interest, additional statutory damages, post-judgment interest, and reasonable and necessary attorneys' fees. Thus, the amount in controversy clearly exceeds $75,000.

20.     Accordingly, by virtue of diversity of citizenship the United States district courts have original jurisdiction.

21.     Everest was notified of the suit on September 24, 2019. Everest files this Notice of Removal within the thirty-day time period required by 28 U.S.C. § 1446(b).

22.     Venue is proper in this district and division under 28 U.S.C. § 1446(a) because this district and division include county in which the State Action has been pending, and because a substantial part of the events giving rise to the Plaintiff's claims allegedly occurred in this district and division.

23.     Pursuant to 28 U.S.C. § 1446(a), all pleadings, process, orders, and all other filings in the State Action are attached to this Notice.

24.     Pursuant to 28 U.S.C. § 1446(d), promptly after Everest files this Notice, written notice of the filing will be given to the Plaintiff, the adverse party.

25.     Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of Harris County, promptly after Everest files this Notice.

26.     Although consent of an improperly joined party is not necessary for removal, Hartman consents to removal.

## IV.     CONCLUSION

Based upon the foregoing and the other documents filed contemporaneously with this Notice, all fully incorporated herein by reference, Defendant Everest Indemnity Insurance Company hereby removes this case to this Court for trial and determination.

Respectfully submitted,

**THOMPSON, COE, COUSINS & IRONS, L.L.P.**

By: */s/ Brian S. Martin*

BRIAN S. MARTIN, Attorney-In-Charge
State Bar No. 13055350
bmartin@thompsoncoe.com
CHRISTOPHER H. AVERY
Texas State Bar No. 24069321
cavery@thompsoncoe.com
ALEXA GOULD
Texas State Bar No. 24109940
agould@thompsoncoe.com
One Riverway, Suite 1400
Houston, Texas  77056
(713) 403-8210 – Telephone
(713) 403-8299 - Facsimile

**COUNSEL FOR DEFENDANT
EVEREST INDEMNITY INSURANCE
COMPANY**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing instrument was served on October 17, 2019, via the Court's electronic notification system on the counsel of record.

Marco D. Flores
Manuel Pelaez-Prada
Flores & Pelaez-Prada, PLLC
3522 Paesano's Parkway, Ste. 301
San Antonio, TX 78231
Telephone: (210) 361-0070
Facsimile: (210) 693-1312
mflores@stormlex.com
mpp@stormlex.com
***Counsel for Plaintiff***

_/s/ Brian S. Martin_
BRIAN S. MARTIN