9/10/2019 3:03 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 3668339
By: D Burto
Filed: 9/10/2019 3:03 PM

# 2019-65250 / Court: 165

CAUSE NO. _____

| | | |
|---|---|---|
| **HAZARI LLC., dba STAY EXPRESS INN** | § | **IN THE DISTRICT COURT** |
| **& SUITES** | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | **_____JUDICIAL DISTRICT** |
| | § | |
| **EVEREST INDEMNITY INSURANCE** | § | |
| **COMPANY and CHRISTOPHER HARTMAN** | § | |
| *Defendants.* | § | **HARRIS COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

### TO THE HONORABLE JUDGE OF SAID COURT:

HAZARI LLC., dba STAY EXPRESS INN & SUITES ("Plaintiff"), Plaintiff herein, files this Original Petition against Defendants EVEREST INDEMNITY INSURANCE COMPANY, and CHRISTOPHER HARTMAN, ("EVEREST", "HARTMAN", or "Defendants") and, in support of its causes of action, would respectfully show the Court the following:

## I. DISCOVERY CONTROL PLAN

Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

## II. THE PARTIES

Plaintiff, HAZARI LLC., dba STAY EXPRESS INN & SUIRES owns property made the basis of this lawsuit in Harris County, Texas. Said property is the Stay Express Inn & Suites located at 9902 Gulf Freeway, Houston, Texas 77034.

Defendant, EVEREST INDEMNITY INSURANCE COMPANY ("EVEREST") is a foreign insurance entity, authorized to conduct insurance business in Texas through its third-party

1

administrators, syndicates, and/or cover holders, and may be served with process via its registered

attorney for service, Sanjor Mukerjee, at P.O. Box 830, Liberty Corner, NJ, 07938-0830.

Defendant, CHRISTOPHER HARTMAN ("HARTMAN"), is an individual who is

engaged in the business of adjusting insurance claims in the State of Texas. At the time of the

filing of this suit, Defendant EVEREST has not elected to accept responsibility for the actions of

CHRISTOPHER HARTMAN, as permitted under Section 542A.006 of the Texas Insurance Code.

This Defendant may be served with process by a certified mail at his home, located at 2800

Lockwood Lane, Schertz, Texas, 78154.

### III. CLAIMS FOR RELIEF

As required by Rule 47 Texas Rules of Civil Procedure, Plaintiff's counsel states that the

damages sought are in an amount within the jurisdictional limits of this Court. As required by

Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff currently seeks

monetary relief over $200,000, but not more than $1,000,000. A jury, however, will ultimately

determine the amount of monetary relief actually awarded. Plaintiff also seeks pre-judgment and

post-judgment interest at the highest legal rate and attorney's fees.

### IV. JURISDICTION AND VENUE

The Court has jurisdiction over this cause of action because the amount in controversy is

within the jurisdictional limits of the Court. Plaintiff reserves the right to amend their petition

during and/or after the discovery process or whenever circumstances dictate.

This Court has jurisdiction over Defendant EVEREST because this Defendant engages in

the business of insurance in the State of Texas by issuing policies to insureds in the State of Texas.

Further, Plaintiff's causes of action arise out of this Defendant's business activities in the State of

Texas. Plaintiff would also show that Defendant EVEREST has continuous and systematic

contacts with the State of Texas sufficient to establish general jurisdiction over said Defendant. Plaintiff would also show that the cause of action arose from or relates to the contacts of Defendant EVEREST to the State of Texas, thereby conferring specific jurisdiction with respect to this Defendant.

Furthermore, Plaintiff would also show that Defendant EVEREST engaged in activities constituting business in the State of Texas as provided by Section 17.042 of the Texas Civil Practices and Remedies Code, in that said Defendant contracted with a Texas resident and performance of the agreement in whole or in part thereof was to occur in Texas, committed a tort in Texas, and recruits or has recruited Texas residents for employment inside or outside the state. Further, Plaintiff's causes of action arise out of this Defendant's business activities in Texas.

This Court has jurisdiction over Defendant CHRISTOPHER HARTMAN ("HARTMAN") because Plaintiff's causes of action arise out of this Defendant's business activities in the State of Texas. Further, HARTMAN's independent actions create individual liability pursuant to TEX. INS. CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, adjuster or life and health insurance counselor." TEX. INS. CODE §541.002(2). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding a company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)). The facts supporting the individual liability causes of action against HARTMAN are listed out in detail starting on Page 6.

At the time of the filing of this lawsuit, Defendant EVEREST has not elected to accept liability, as permitted under Section 542A.006 of the Texas Insurance Code, for the acts of CHRISTOPHER HARTMAN. An election made after the suit commences does not challenge the joinder of the non-diverse adjuster and, as a result, has no bearing on whether a plaintiff-insured asserted viable claims against the non-diverse adjuster when joining him to the action. See *Stephens v. Safeco Insurance Company of Indiana*, 2019 WL 109395 (E.D. Tex. Jan. 4, 2019). Because Defendant EVEREST has not elected to accept liability under Section 542A.006 of the Texas Insurance Code, for the actions stated in this Petition, that confer liability on HARTMAN, Defendants are barred from removing this action to federal court based on improper joinder. Due to the resident Defendants sued in this case and allegations supporting individual liability of Defendant HARTMAN, there is no complete diversity in this case because there is no improper joinder.

Venue is proper in Harris County because all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County. TEX. CIV. PRAC & REM CODE § 15.002(a)(1). In particular, the loss at issue occurred in Harris County. Defendants engage in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of these Defendants' business activities in the State of Texas.

## V.  FACTUAL BACKGROUND

Plaintiff is a named insured under a property insurance policy (#CA3P005339171) issued by EVEREST which covers the property at issue during the date(s) of loss which are the subject of this lawsuit.

On or about August 27, 2017, or during another time within the policy periods, storms related to Hurricane Harvey hit the Harris County Texas area, damaging Plaintiff's property and

4

other properties. Plaintiff timely filed a claim on its insurance policy seeking benefits for covered damages. Plaintiff is alleging storm-related damages to the insured property that was either overlooked or ignored by Defendants.

Upon information and belief, CHRISTOPHER HARTMAN ("HARTMAN"), at the request of EVEREST inspected Plaintiff's property on or about February 23, 2018. HARTMAN actively participated in the investigation of Plaintiff's claim, wherein he was responsible for recommending decisions on payment, or non-payment in this case, of this claim. HARTMAN was also charged with determining the scope of storm related damage, as well as recommending coverage, or non-coverage of this claim.

HARTMAN visited Plaintiff's Property and attempted to conduct an inspection, but HARTMAN was unable or unwilling to perform or complete a reasonable inspection of the Property. Upon information and belief, HARTMAN was improperly trained and failed to perform a thorough investigation of Plaintiff's Property Damage claim. Specifically, Defendants failed to notice blatantly visible storm damage to three separate buildings, to include damage to the exterior stucco, and the roof. Defendants further failed to notice interior storm damage to multiple common areas, administrative areas, and guest rooms.

The adjuster that inspected the property, HARTMAN, conducted a substandard investigation and inspection of the property, prepared a report that failed to include any of the damages that were apparent during the inspection, and/or undervalued the damages that were observed during the inspection. Despite obvious storm-related damage to the property's roof and exterior, as well as obvious interior storm damage, HARTMAN concluded that the cost for repair of Plaintiff's property was under-deductible. As a result, this unreasonable investigation led to the an effective denial of Plaintiff's claim. HARTMAN ignored or knowingly failed to include

5

covered damages or damages that in good faith should have been subject to coverage per the insured's policy.

Plaintiff alleges the actual covered damage to the Property as a result of the Storm exceeds the sum of $200,000, which is continuing to increase each day that Defendants fail and refuse to pay the Plaintiff's claim due to increases in the costs of labor and materials. Upon information and belief, HARTMAN'S unreasonable investigation in this case failed to include all of the damages listed in Plaintiff's Expert Report that Plaintiff alleges were storm-related.

**Individual Acts of CHRISTOPHER HARTMAN Conferring Individual Liability**

The following paragraphs contain allegations of HARTMAN'S individual acts that make him individually liable to Plaintiff for the losses and damages sustained by Plaintiff as a direct, producing and proximate cause of the acts of omission and commission for which Plaintiff here now sues for the recovery of monetary damages within the jurisdictional limits of this Court against these Defendants.

1. Upon information and belief, Defendant HARTMAN was negligent in violating EVEREST's written policies as they relate to claims handling practices by failing to fully investigate and document all damage to Plaintiff's insured Property. Additionally, based upon information and belief and the independent acts and practices actually employed by Defendant HARTMAN, he held a personal bias in favor of insurance companies and prejudice against insurance claimants generally, and more specifically towards Plaintiff herein.

2. Upon information and belief, HARTMAN's investigation and inspection for damages to the Plaintiff's Commercial Property was for an insufficient time period to perform an adequate assessment of the damage to this Property based on its size and complexity.

3. Due to lack of experience, training, and interest in properly adjusting this claim, HARTMAN failed to and/or refused to notice blatantly visible storm-related damages to Plaintiff's property, including but not limited to roof damage, damage to the exterior walls, and interior storm damage to numerous buildings insured by the Defendant.

4. Due to lack of experience, training, and interest in properly adjusting this claim, HARTMAN failed to and/or refused to properly interview the Plaintiff or other persons with knowledge of the Property to ascertain other damages that were not readily apparent or would not be readily apparent to an individual unfamiliar with the Property in its pre-Storm condition.

5. HARTMAN refused to and did not inspect for hidden or latent damage resulting to Plaintiff's Property that is customarily found to exist on property that has gone through wind storms of the severity of that which occurred in Harris County over the past year.

6. HARTMAN failed and refused to include the usual and customary charges for costs of materials, supplies, labor and contractor's overhead and profit charged by contractors in the Harris County area for the repair, replacement and restoration of the Plaintiff's Property damaged by the Storm.

7. Upon information and belief, HARTMAN, during his investigation of the Plaintiff's claim, failed to include all damages sustained to the Property by the Storm, thus submitting an inaccurate and false report of Plaintiff's covered Storm Property losses to Defendants EVEREST.

8. HARTMAN's failure to notice the obvious storm damage to Plaintiff's property is evidence that he did not conduct a reasonable investigation and that he adjusted Plaintiff's

claim in bad faith. Plaintiff alleges that HARTMAN's conduct was knowingly and intentionally.

## VI. CAUSES OF ACTION

Each of the foregoing paragraphs is incorporated by reference in the following:

Defendant EVEREST is liable to Plaintiff for breach of contract, as well as violations of the Texas Insurance Code and Deceptive Trade Practices Act; and breach of the common-law duty of good faith and fair dealing.

### A. Breach of Contract

EVEREST had a contract of insurance with Plaintiff. EVEREST breached the terms of that contract by wrongfully denying and/or underpaying the claim and Plaintiff was damaged thereby.

### B. Prompt Payment of Claims Statute

The failure of EVEREST to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Section 542.051 *et seq.* of the Texas Insurance Code. To this date, Plaintiff has yet to be compensated for its covered damages under policy. Plaintiff, therefore, in addition to Plaintiff's claim for damages, is entitled to 10% interest and attorneys' fees as set forth in Section 542.060 of the Texas Insurance Code.

### C. Statutory Violations: Bad Faith/Deceptive Trade Practices Act ("DTPA")

Defendant EVEREST is required to comply with Chapter 541 of the Texas Insurance Code. Defendant violated Section 541.051 of the Texas Insurance Code by:

(1) making statements misrepresenting the terms and/or benefits of the policy.

Defendant violated Section 541.060 by:

(1) misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

8

(2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

(3) failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

(4) failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

(5) refusing to pay the claim without conducting a reasonable investigation with respect to the claim. Specifically, Defendants failed to notice blatantly visible storm damage to the roof, exterior walls, and interior storm damage to Plaintiff's property;

Defendant violated Section 541.061 by:

(1) making an untrue statement of material fact;

(2) failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made; (3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

(4) making a material misstatement of law; and

(5) failing to disclose a matter required by law to be disclosed.

At all material times hereto, Plaintiff was a consumer who purchased insurance products and services from Defendant. Defendants violated the Texas DTPA in the following respects:

(1) Defendants represented that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

9

(2) EVEREST failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed;

(3) EVEREST, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by Section 17.50(a)(1)(3) of the DTPA in that EVEREST took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Texas Insurance Code.

Defendants knowingly committed the acts complained of. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code Section 541.152(a)-(b).

### D. Breach of The Duty of Good Faith and Fair Dealing

Plaintiff repleads all of the material allegations above set forth previously and incorporates the same herein by this reference as if here set forth in full.

Defendant EVEREST'S conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insured in insurance contracts.

Defendant EVEREST'S failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, EVEREST knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### E. Responsibility for Acts of Agents and Ratification of Acts

Defendant HARTMAN, whose conduct is referenced herein and above, is an agent of EVEREST based upon his acts of commission and omission in the handling of Plaintiff's claim, including inspections, adjustments, and aiding in the adjustment of the loss for or on behalf of the insurer. TEX. INS. CODE §4001.051.

Separately, and/or in the alternative, as referenced and described above, EVEREST ratified the actions and conduct of HARTMAN including the manner in which he discharged or failed to properly discharge his duties under the common law and applicable statutory laws and regulations.

### F. Causes of Action Against Individual Adjuster CHRISTOPHER HARTMAN

Defendants assigned Defendant HARTMAN to adjust the claim.  Defendant HARTMAN was inadequately and improperly trained to handle claims of this nature and performed an unreasonable investigation of Plaintiff's damages.  During the investigation, HARTMAN failed to properly assess Plaintiff's Storm damages and omitted properly covered damages from his reports and/or estimates of the damages, including all of Plaintiff's interior and exterior damages. As a result, Plaintiff's claim was effectively denied and they have suffered damages due to HARTMAN's individual acts.

Plaintiff is pursuing individual causes of action against HARTMAN pursuant to Section 541.002 (2) of the Texas Insurance Code wherein an adjuster is defined as a "person" subject to the requirements of the Texas Insurance Code.  As described previously under the FACTUAL BACKGROUND section of the Petition, HARTMAN's own individual behavior and acts violate Sections 541.060 (a)(2)(A) and 541.060 (a)(7) of the Texas Insurance Code by engaging in unfair settlement practices.

11

As detailed in the FACTUAL BACKGROUND section of Plaintiff's Original Petition, HARTMAN violated these sections of the Texas Insurance Code by failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear AND refusing to properly pay the claim without conducting a reasonable investigation with respect to the claim.

Defendant HARTMAN failed to make an attempt to settle Plaintiff's claim in a fair manner, although he was aware of Defendant's liability to Plaintiff under the Policy. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

Defendant HARTMAN failed to explain to Plaintiff the reasons for his inadequate settlement offer. Specifically, Defendant HARTMAN failed to offer Plaintiff adequate compensation without any explanation as to why full payment was not being made. Furthermore, HARTMAN did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. The unfair settlement practice of Defendant HARTMAN as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

Defendant HARTMAN did not properly inspect the Property and failed to account for and/or undervalued many of Plaintiff's exterior and interior damages. Defendant HARTMAN's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair

and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

Falsehoods and misrepresentations may be communicated by actions as well as by the spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Defendant HARTMAN's misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiff's damages; (2) stating that Plaintiff's damages were less severe than they in fact were; (3) using their own statements about the non-severity of the damage as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiff received. Defendant HARTMAN's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

## VII. DAMAGES

Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

As previously mentioned, the damages caused by the windstorm at issue have not been properly addressed or repaired in the months since the Storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendants' mishandling of Plaintiff's claim in violation of the laws set forth above.

For breach of contract, Plaintiff is entitled to regain the benefit of its bargain, which is the amount of its claim, together with attorney's fees.

For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid

pursuant to the Policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times their actual damages. TEX. INS. CODE §541.152.

For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of its claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## VIII. CONDITIONS PRECEDENT

All conditions precedent to Plaintiff's right to recover have been fully performed, or have been waived by Defendant.

## IX. JURY DEMAND

Plaintiff hereby requests that all causes of action alleged herein be tried before a jury consisting of citizens residing in Harris County, Texas. Plaintiff hereby tenders the appropriate jury fee.

## X. PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that upon trial hereof, said Plaintiff has and recovers such sum as would reasonably and justly compensate it in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on its behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which it is justly entitled to.

Respectfully submitted,

**FLORES & PELAEZ-PRADA, PLLC**

By: Marcos Flores

MARCO D. FLORES
State Bar No. 24027251
mflores@stormlex.com
MANUEL PELAEZ-PRADA
State Bar No. 24027599
mpp@stormlex.com
3522 Paesano's Parkway, Ste. 301
San Antonio, TX 78231
210.361.0070 (Telephone)
210.693.1312 (Facsimile)

**ATTORNEYS FOR PLAINTIFF**
**HAZARI LLC., dba STAY EXPRESS**
**INN & SUITES**

CAUSE NO. 201965250

RECEIPT NO.                                              75.00        CTM
**********                                       TR # 73671447

PLAINTIFF: HAZARI LLC DBA STAY EXPRESS INN & SUITES        In The   165th
              vs.                                          Judicial District Court
DEFENDANT: EVEREST INDEMNITY INSURANCE COMPANY             of Harris County, Texas
                                                           165TH DISTRICT COURT
                                                           Houston, TX

CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris


TO: HARTMAN, CHRISTOPHER

   2800  LOCKWOOD LANE   SCHERTZ  TX  78154

   Attached is a copy of <u>PLAINTIFF'S ORIGINAL PETITION</u>

This instrument was filed on the <u>10th day of September, 2019</u>, in the above cited cause number
and court. The instrument attached describes the claim against you.

     YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:

      This citation was issued on 13th day of September, 2019, under my hand and
seal of said Court.



                                          Marilyn Burgess

<u>Issued at request of</u>:                  MARILYN BURGESS, District Clerk
FLORES, MARCO DAX                          Harris County, Texas
901  MAIN STREET, STE 3500                 201 Caroline, Houston, Texas 77002
DALLAS, TX  75202                          (P.O. Box 4651, Houston, Texas 77210)
Tel: (214) 210-2400
<u>Bar No.</u>: 24027251                       Generated By: BURTON, DANCHELLE  IT6//11324806

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy  of  this  citation  together  with  an  attached  copy  of
 PLAINTIFF'S ORIGINAL PETITION
to the following addressee at address:

_____
                                      ADDRESS
_____
                                      Service was executed in accordance with Rule 106
(a)ADDRESSEE                          (2) TRCP, upon the Defendant as evidenced by the
                                          return receipt incorporated herein and attached
                                          hereto at
_____

                                      on _____ day of _____, _____
                                      by U.S. Postal delivery to _____

                                      This citation was not executed for the following
                                      reason: _____

                                      MARILYN BURGESS, District Clerk
                                      Harris County, TEXAS

                                      By _____, Deputy

B.1R7.CCTM.P                                        *73671447*



**Marilyn Burgess**
HARRIS COUNTY DISTRICT CLERK
P.O. Box 4651
HOUSTON, TEXAS 77210-4651

7016 0600 0001 0815 5972

CHRISTOPHER HARTMAN
2800 LOCKWOOD LANE
SCHERTZ, TX 78154



neopost
09/17/2019
US POSTAGE $007.75
FIRST-CLASS MAIL
ZIP 77002
041M11225239